UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**Kentucky Association of Professional
Educators, Inc.**

v.                                                                                  Case No. 3:20-cv-555-BJB-LLK

**Jefferson County Public Schools** *et al.*

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

      The Kentucky Association of Professional Educators filed this lawsuit against the Jefferson County Board of Education, alleging the Board excluded it from an employee benefits fair in violation of the federal and state constitutions. KAPE is "a non-union alternative for certain teacher benefits." Complaint [DN 1] at 3. The Jefferson County Teachers Association, "the official representative of certified teachers in the district," seeks to intervene as a defendant. Motion to Intervene [DN 22-1] at 1. "[W]ithout participating," JCTA contends, it "cannot adequately protect its substantial interest in its collective bargaining agreement with Jefferson County Board of Education" or "its status as the [teachers'] official representative." *Id.* at 2. Despite KAPE's objection that intervention is improper and will unnecessarily prolong this case, Opposition [DN 24] at 24, the Court grants JCTA's motion to intervene as a defendant.

      Federal Rule of Civil Procedure 24(a) states that a "court must permit anyone to intervene" who "claims an interest relating to the property or transaction" at issue and whose "ability to protect its interest" would "as a practical matter" be "impair[ed] or impede[d]" by adjudication in its absence. The parties agree that the language of the Rule, as interpreted by the Sixth Circuit, requires a proposed intervenor to show four things:

    1) the application was timely filed;
    2) the applicant possesses a substantial legal interest in the case;
    3) the applicant's ability to protect its interest will be impaired without intervention; and
    4) the existing parties will not adequately represent the applicant's interest.

*Blount–Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011). JCTA satisfies each requirement.

      *First*, JCTA timely moved to intervene on January 12, 2021. The Scheduling Order [DN 19] allows for "motions to join additional parties" by March 31. KAPE has not identified any concrete delay or prejudice that JTCA's intervention would cause. JTCA has already proffered an answer, attached as an exhibit to its motion. DN 22-3. KAPE has already served discovery on JCTA. And JCTA has already indicated that it has no plans to file a motion to dismiss or any other

briefing that would substantially delay the proceedings. *See* Intervention Hearing Transcript [DN 29] at 25 (JCTA's counsel: "At this point, there are no plans to make any kind of motion to dismiss or motion for summary judgment, which would be premature, at this point.").

*Second*, JCTA possesses a substantial legal interest in this case. The parties agree that the JCTA collective-bargaining agreement imposes requirements on the Board if it makes changes "in past policy, rule or practice." *See id.* at 8–11. The parties and JCTA disagree about whether and how that provision applies to the exclusion of a vendor from a benefits fair. But that question of course goes to the merits. What matters at the intervention stage, under the Sixth Circuit's "rather expansive" standards, *see Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005), is that JCTA has identified a direct, substantial, and legally protectable (though admittedly contingent) interest related to the practice at issue in this case. *See Purnell v. Akron*, 925 F.2d 941, 947–48 (6th Cir. 1991) (parties possessed substantial legal interest under Rule 24(a) based on assertion of a legally protectable interest contingent on the district court's resolution of the claims before it). "[T]he factual circumstances considered under Rule 24(a)," the Sixth Circuit has reiterated, "should be 'broadly construed in favor of potential intervenors.'" *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 489–90 (6th Cir. 2014) (quoting *Purnell,* 925 F.2d at 950).

JCTA, for good measure, also points to its purported interests in the stability of labor-management relations, Motion at 5, and in limiting their members' exposure to "a nonunion ideology," Intervention Hearing Transcript at 5. While each may prove relevant to the merits of this free-speech dispute, neither is necessary to consider at the intervention stage. JCTA's asserted interest in protecting its bargained-for contract rights is enough.

*Third*, this case's potential implications on JCTA's ability to protect its interest in that same contractual "past practice provision" satisfies Rule 24(a)'s impairment requirement. In granting intervention, the Court need not, and does not, conclude that JCTA is correct in its interpretation of the CBA. It suffices that JCTA has shown "that impairment of its substantial legal interest is *possible* if intervention is denied." *Mich. AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997) (emphasis added). JCTA contends that a constitutional or contractual ruling in this case could drive it to arbitration or tie its hands in subsequent negotiations or proceedings. *See* Intervention Hearing Transcript at 12–14; Reply [DN 25] at 8. The Court therefore concludes that JCTA has met its "minimal" burden, *Miller*, 103 F.3d at 1247, to show that its "ability to protect its interest will be impaired without intervention," *Blount–Hill*, 636 F.3d at 283.

*Fourth*, and finally, JCTA persuasively contends that the existing parties may not adequately represent its interests. "JCTA's legal interpretation of both Board policy and the contract," the Motion maintains (at 6), "routinely differs from the district's, as is typical in collective bargaining relationships." JCTA's "non-sovereign interests … will be impacted by the outcome of this case," yet differ intrinsically from the government's interest in defending against a constitutional challenge. Reply at 8–9. What's more, KAPE appears to concede that JCTA will bring different arguments to the table: "Should the Court permit JCTA to intervene …, KAPE will have to … fight on two fronts against two parties regarding two distinctly different legal questions." Opposition at 7. This is enough for present purposes: an intervenor "is not required to show that the representation will in fact be inadequate. … [I]t may be enough to show that the

existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Miller*, 103 F.3d at 1247.

Because JCTA has satisfied the standard set forth in Rule 24(a) and the Sixth Circuit's precedents, the Court **GRANTS** the motion to intervene. The Court further instructs the parties to confer regarding any scheduling issues implicated by this Order, and to promptly raise with Magistrate Judge King any proposed revisions to the Scheduling Order.

Benjamin Beaton, District Judge
United States District Court

March 16, 2021